UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-CR-00120-MOC-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BRANDY MARIE GROGAN,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion to reduce sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 31). The Government opposes Defendant's motion. (Doc. No. 38). The Court finds that Defendant is ineligible for sentence reduction under Amendment 821 and will therefore deny Defendant's motion.

   I.   **Background**

In January 2017, a federal grand jury charged Defendant by way of indictment with two counts of possessing with intent to distribute at least 50 grams of methamphetamine, 21 U.S.C. § 841(a)(1); possessing a stolen firearm, 18 U.S.C. § 922(j); and two counts of possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c). (Doc. No. 1). Defendant entered into a plea agreement with the Government, pleading guilty to one of the drug-trafficking offenses and one of the § 924(c) firearm offenses. (Doc. No. 16 ¶ 1, Doc. No. 18).

The probation office's presentence report assessed Defendant zero criminal history points for a criminal history category of I, and an offense level of 29 for her drug-trafficking offense. (Doc. No. 25 ¶ 36, 43, 66). Defendant faced a mandatory minimum sentence of 120 months in

1

prison for her drug-trafficking offense, and a mandatory consecutive sentence of at least five years for her firearm offense. (Id. ¶ 65, 37). While the Sentencing Guidelines initially advised a sentence of between 87 and 108 months' imprisonment based on Defendant's offense level (29) and criminal history category (I), the probation office found that the mandatory minimums required a sentence of at least 120 months in prison. This Court ultimately sentenced Defendant to the mandatory minimum terms of 120 months for her drug-trafficking offense and a consecutive 60 months for her firearm offense. Defendant now moves for sentence reduction under Amendment 821 to the Sentencing Guidelines.

## II. Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. §

2

3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended

3

guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.    Analysis**

Defendant is not eligible for sentence reduction under either Part of Amendment 821. First, the probation office did not assess Defendant criminal history points for committing her offense while under a criminal justice sentence, so Defendant is ineligible for relief under Amendment 821 Part A. Second, while Defendant <u>was</u> assessed zero criminal history points, she also possessed a firearm in connection with her offense, rendering her ineligible for sentence reduction under Amendment 821 Part B, Subpart I. Because Defendant is ineligible for relief under Amendment 821, the Court will deny her motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to Amendment 821 of the United States Sentencing Guidelines (Doc. No. 31) is **DENIED**.

Signed: July 18, 2024

Max O. Cogburn Jr
United States District Judge